UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
C.W. HOME SOLUTIONS, LLC doing business as
C.W HOME SOLUTIONS, LLC and BRIAN STACEY,

                      Petitioners,          **REPORT AND**
                                                            **RECOMMENDATION**
                                                           23-CV-4702 (AMD) (ARL)

            -against-

THE LCF GROUP, INC.,

                      Respondent.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      The petitioners, CW Home Solutions LLC and Brian Stacey, commenced this Article 75 proceeding in the Kings County State Court on June 19, 2023. The action was removed to this Court by the respondent, the LCF Group Inc., on June 23, 2023. On June 26, 2023, the Court notified counsel for the petitioners that he had to be admitted to practice before this Court if he planned to continue to represent his clients. According to the docket sheet, counsel was thereafter admitted.

      On September 7, 2023, after receiving a somewhat non-conforming Rule 26(f) report from the parties, the undersigned scheduled an initial conference in this matter for September 21, 2023. Counsel for the petitioners failed to appear at the September 21 conference. The conference was rescheduled for October 11, 2023 by telephone. In the order rescheduling the conference, petitioners' counsel was warned that failure to appear at the rescheduled conference would result in the undersigned recommending to the District Judge that the case be dismissed for failure to prosecute. Despite the warning, petitioners' counsel, once again, failed to appear.

      Federal Rule of Civil Procedure 41(b) provides a district court with the authority to dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec.*

*Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). As indicated above, the petitioners have failed to appear at two Court conferences. In addition, prior to the first scheduled conference, the undersigned was advised by counsel for the respondent that counsel for the petitioners had refused to properly engage in the Rule 26(f) Report process. Under these circumstances, the matter cannot proceed. Certainly, the respondent would be substantially prejudiced should this case remain open, to say nothing of the need to alleviate Court congestion where the petitioners have been unresponsive. The undersigned, therefore, respectfully recommends that this case be dismissed with prejudice for failure to prosecute.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997).

Dated: Central Islip, New York
October 19, 2023

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge